SUMMARY ORDER

Petitioner Fa Ming Ye (‘Ye”), a native and citizen of the People’s Republic of China, seeks review of the March 13, 2006 order of the Board of Immigration Appeals (“BIA”) denying his “Motion to Reconsider Motion to Reopen.” In re Fa Ming Ye, No. A77 341 575 (B.I.A. Mar. 13, 2006). We assume the parties’ familiarity with the *509 underlying facts and procedural history of the case.
A. Standard of Review
We review the BIA’s denial of a motion to reopen or reconsider for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). “An abuse of discretion may be found ... where the [BIA’s] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.” Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).
B. Procedural History
The IJ found Ye removable to China and denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture. The BIA affirmed in August 2003.
More than two and a half years later (in December 2005), Ye moved to reopen his asylum petition based on “changed circumstances.” Ye argued that he would face persecution in China based on (1) his marriage, the (then ending) birth of his second child in the United States, and hina’s family planning policy; and (2) his recent involvement, through his wife, in Falun Gong. Ye claimed that Chinese authorities identified him in a crowd of Falun Gong protestors in front of the United Nations in New York, and had sent officials to his father’s home in China with an arrest warrant. Ye appended to his motion affidavits from himself and his father, copies of recent articles concerning China’s family planning policies and Falun Gong, and two photographs purportedly showing Ye holding banners during Falun Gong demonstrations in New York.
By order dated January 13, 2006, the BIA denied Ye’s motion to reopen. The BIA ruled that the motion was untimely because it was not filed within 90 days of the final administrative decision, 8 C.F.R. § 1003.2(c)(2), and did not fall within any of the applicable exceptions to the timeliness requirement set forth 8 C.F.R. § 1003.2(c)(3)(ii). Specifically, the exception for changed country conditions in the country of nationality was held inapplicable because Ye’s evidence did not meet the “heavy evidentiary burden” required for renewed asylum applications.
On February 9, 2006, Ye filed a “Motion to Reconsider Motion to Reopen” which argued that the BIA did not apply the correct prima facie standard in assessing his evidence of changed country conditions. Included was new evidence: a copy of a “village notice” issued to his family in China requesting Ye to return to China to accept punishment for his Falun Gong activities. Ye submitted a new application for asylum in conjunction with this motion.
The BIA construed Ye’s motion as both a motion to reconsider and a motion to reopen, and denied both by order dated March 13, 2006. With respect to the motion to reconsider, the BIA adhered to its previous decision. With respect to the motion to reopen, the BIA ruled the motion untimely and number-barred pursuant to 8 C.F.R. § 1003.2(c)(2). Moreover, the BIA found that Ye had presented most of his evidence in his earlier motion to reopen, and that the allegedly new evidence — the “village notice” — could have been presented at that time. Ye petitioned for review on April 3, 2006.
C. Analysis
Only the BIA’s March 13, 2006 decision is before us as that is the only decision from which a petition for review was timely filed. See 8 U.S.C. § 1252(b)(1). We *510 conclude that the BIA’s decision with respect to that motion was not an abuse of discretion.
1. Motion to Reconsider
Construing Ye’s February 9, 2006 motion as one for reconsideration, the BIA did not abuse its discretion in rejecting arguments that the agency had already considered and denied. See Jin Ming Liu v. Gonzales, 439 F.3d 109, 111 (2d Cir. 2006)(per curiam)(“The BIA does not abuse its discretion by denying a motion to reconsider where the motion repeats arguments that the BIA has previously rejected.”).
Ye’s novel legal argument — that the BIA applied the wrong standard — fails because there is no indication that the BIA applied anything other than the prima facie standard.
2. Motion to Reopen
Nor did the BIA abuse its discretion in denying Ye’s motion to reopen his asylum application. The regulations permit an alien to file only one motion to reopen, and require such a motion to be filed no later than 90 days after the date on which the final administrative decision was rendered. See 8 C.F.R. § 1003.2(c)(2). There is an exception to these time and number limitations when the motion to reopen is “based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.” 8 C.F.R. § 1003.2(c)(3)(ii)(emphasis added). This Court has recently held that an alien who is subject to a final removal order and who wishes to file a successive asylum application must do so in conjunction with a motion to reopen pursuant to 8 C.F.R. § 1003.2(e)(3)(ii) and thus may not do so based solely on changed personal conditions. Yuen Jin v. Mukasey, 538 F.3d 143, 156 (2d Cir.2008).
To the extent Ye’s motion was based on the birth of his children and desire to have more children, it alleges a change in personal circumstances, and therefore does not excuse compliance with the time and number limitations. See Li Yong Zheng v. U.S. Dep’t of Justice, 416 F.3d 129, 130-31 (2d Cir.2005); Wei Guang Wang v. BIA, 437 F.3d 270, 273-74 (2d Cir.2006)(“The law is clear that a petitioner must show changed country conditions in order to exceed the 90-day filing requirement for seeking to reopen removal proceedings.... A self-induced change in personal circumstances cannot suffice.”).
Ye also sought to reopen his asylum application on the ground of his new Falun Gong practice, and the issuance of an arrest warrant delivered in China. Even if such a development could amount to changed country conditions, it was no abuse of discretion for the BIA to deny Ye’s second motion to reopen because Ye has not shown that he submitted any new evidence that was not available and could not have been discovered or presented in his previous motion to reopen. The only new evidence introduced in Ye’s February 9, 2006 motion, as compared with his December 2005 motion to reopen, was an actual copy of the arrest warrant. This warrant was issued in October 2005, a full two months prior to the submission of Ye’s December 2005 motion. Ye’s parents may have delayed sending him a copy of the arrest warrant until a few months later, but that delay did not render the evidence unavailable. A movant bears a heavy burden to reopen matters due to discovery of previously unavailable evidence. See INS v. Abudu, 485 U.S. 94, 107-08, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).
Thus, the BIA’s denial of Ye’s motion to reopen was no abuse of discretion.
*511 D. Conclusion
For the foregoing reasons, and because we find no merit in Ye’s remaining arguments, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.